## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRIAD FINANCIAL CORPORATION : | CIVIL ACTION - EQUITY |
|                  Plaintiffs, : | |
| : | Docket No. 02-CV-4175 |
|         v. : | |
| AUTOMOTIVE FINANCE CORPORATION : | |
|        and : | |
| CAPITAL CREDIT CORP. : | |
|        and : | |
| DAVIS AUTO : | |
|        and : | |
| JOSHUA MOTORS : | |
|        and : | |
| LEASE & RENTAL MANAGEMENT CORP. : | |
| d/b/a PENN AUTO LOAN : | |
|        and : | |
| PENNDEL AUTO ENTERPRISES, INC. : | |
|                  Defendants. : | |

## PLAINTIFF'S MOTION FOR REMAND TO
## THE MONTGOMERY COUNTY COURT OF COMMON PLEAS

Plaintiff, Triad Financial Corporation ("Triad") moves this Court for an Order to remand this matter to the Montgomery County Court of Common Pleas and in support avers as follows:

1. Plaintiff commenced this action by Complaint in Equity on May 31, 2002 in the Montgomery County Court of Common Pleas docketed as No. 02-10074.

2. Plaintiff filed a Petition for Preliminary Injunction on May 31, 2002 in the Montgomery County Court of Common Pleas concurrently with the Complaint in Equity. According to the facsimile copy of the Notice of Removal received by Triad, these documents were attached to the Notice of Removal.

3. All of the named Defendants have been served with the Complaint. See affidavits of service and return receipts attached hereto as Exhibit "A".

4. On June 27, 2002, Defendant Capital Credit Corporation ("Capital Credit") filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania ("Notice of Removal").

5. Capital Credit is a citizen of the Commonwealth of Pennsylvania. See Notice of Removal ¶ 4.

6. Capital Credit was served with the Complaint on or about June 12, 2002. See Notice of Removal ¶ 3.

7. Capital Credit's Notice of Removal is defective on its face.

8. Removal, as sought, on grounds of diversity is not authorized because Capital Credit is a citizen of Pennsylvania where the matter was originally brought, and has been properly served as a defendant. See 28 U.S.C. § 1441(b); Notice of Removal ¶¶ 3-4. Plaintiff Triad's claims do not arise under the Constitution, laws or treaties of the United States, nor does the Notice of Removal contend that they do.

9. Because the Notice of Removal is defective on its face, this Court is authorized to Order summary remand. See 28 U.S.C. § 1446(c)(4).

WHEREFORE, Triad requests that the Court remand the matter to the Montgomery County Court of Common Pleas.

Respectfully submitted,

_____
Edward G. Biester, III, Esquire
Cindy Dunlap Hinkle, Esquire
1650 Market Street
One Liberty Place
Philadelphia, PA 19103
(215) 979-1162/1136
Attorneys for Plaintiff
Triad Financial Corporation

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRIAD FINANCIAL CORPORATION | : | |
| | : | CIVIL ACTION - EQUITY |
| Plaintiffs, | : | |
| | : | Docket No. 02-CV-4175 |
| | : | |
| v. | : | |
| | : | |
| AUTOMOTIVE FINANCE CORPORATION | : | |
| and | : | |
| CAPITAL CREDIT CORP. | : | |
| and | : | |
| DAVIS AUTO | : | |
| and | : | |
| JOSHUA MOTORS | : | |
| and | : | |
| LEASE & RENTAL MANAGEMENT CORP. | : | |
| d/b/a PENN AUTO LOAN | : | |
| and | : | |
| PENNDEL AUTO ENTERPRISES, INC. | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
REMAND TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS**

**I.     INTRODUCTION**

Plaintiff, Triad Financial Corporation ("Triad") has moved this Court for an Order to remand this matter to the Montgomery County Court of Common Pleas because the Notice of Removal to the United States District Court for the Eastern District of Pennsylvania filed by Defendant Capital Credit Corporation ("Capital Credit") on June 27, 2002 is defective.

Plaintiff commenced an action in the Montgomery County Court of Common Pleas on May 31, 2002 by filing a Complaint in Equity and a Petition for Preliminary Injunction. The Montgomery County Court of Common Pleas issued a Rule to Show Cause Order scheduling a hearing on Plaintiff's Petition for Preliminary Injunction for Tuesday, July 2, 2002 at 9:30 a.m.

Defendant Capital Credit filed a Notice of Removal at the "eleventh hour" in an apparent attempt to delay the hearing on the Petition for Preliminary Injunction. Capital Credit provided Plaintiff with a copy of the Notice for Removal by facsimile on Friday, June 28, 2002 at 4:29 p.m. Capital Credit has no basis to file the Notice for Removal. Accordingly, Triad moves the Court to remand this matter to the Montgomery County Court of Common Pleas.

## II. ARGUMENT

Capital Credit purports to remove the instant matter from the Montgomery County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441. Under Federal law, "removal statutes are to be strictly construed, and all doubts are resolved in favor of remand." See Morganti v. Armstrong Bum Manufacturing Co., 2001 U.S. Dist. LEXIS 2951, *3 (E.D. Pa. Mar. 19, 2001).[1] Where it appears on the face of the Notice of Removal that removal should not be permitted, the "Court shall make an order for summary remand." See 28 U.S.C. § 1446(c)(4).

Capital Credit's Notice of Removal is defective both on its face and procedurally. It should be remanded to the Montgomery County Court of Common Pleas.

### A.  Capital Credit's Notice of Removal Is Statutorily Defective Because It Is a Citizen Of The Commonwealth of Pennsylvania

Capital Credit's Notice of Removal is facially defective. Capital Credit alleges that it is a citizen of the Commonwealth of Pennsylvania. Pursuant to 28 U.S.C. § 1441(b), where, as in the present case, removal is sought solely on grounds of diversity jurisdiction, "an action is removable *only* if *none* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See 28 U.S.C. § 1441(b) (emphasis added). Capital Credit

---

[1] All unreported opinions are attached hereto as Exhibit "1".

and two other properly served defendants are citizens of Pennsylvania. See Notice of Removal ¶¶ 3-4.

Accordingly, as several properly served defendants are citizens of the Commonwealth of Pennsylvania, Capital Credit's Notice of Removal is defective and this matter must be remanded to the Montgomery County Court of Common Pleas.

### B. Capital Credit's Notice of Removal is Procedurally Defective Because It Failed To Get the Consent Of All Defendants To The Removal

Capital Credit also does not allege in its Notice of Removal that all defendants consent to removal. See Notice of Removal. The Third Circuit has construed section 1446 to require that all defendants must consent to the removal of a matter from the State Court. See Albert v. Bayerische Motorenwerke Aktiengesollschaft, 2002 U.S. App. LEXIS 11105, * 5 (3d Cir. June 19, 2002) ("when there is more than one defendant, all must join in the removal petition"). The consent of all the defendants is a procedural requirement. Id. Capital Credit has not averred that all defendants consent to its Notice of Removal. Nor have the remaining defendants joined in the Notice of Removal. See Notice of Removal.

Accordingly, as no other defendant has joined in Capital Credit's Notice of Removal, the Notice is procedurally defective and this matter must be remanded to the Montgomery County Court of Common Pleas.

## III. CONCLUSION

As the Notice of Removal is both procedurally defective and defective on its face, Triad requests that this Court Order the matter remanded to the Montgomery County Court of Common Pleas.

        Respectfully submitted,

        DUANE MORRIS LLP

BY: _____
        Edward G. Biester, III, Esquire
        Cindy Dunlap Hinkle, Esquire
        1650 Market Street
        One Liberty Place
        Philadelphia, PA 19103
        (215) 979-1162/1136

        Attorneys for Plaintiff
        Triad Financial Corporation

## **CERTIFICATE OF SERVICE**

I, Cindy Dunlap Hinkle, Esquire, hereby certify that a true and correct copy of Plaintiff's Motion for Remand and Memorandum of Law in Support thereof was served upon Defendants, Automotive Finance Corporation, Capital Credit Corp., Davis Auto, Joshua Motors, Lease and Rental Management Corp. d/b/a Penn Auto Loan and Penndel Auto Enterprises, Inc., by First Class Mail on this 1st day of July, 2002.

DUANE MORRIS LLP

_____
Cindy Dunlap Hinkle, Esquire
Attorney for Plaintiff
Triad Financial Corporation